## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 3:10-cv-1618** |
| **LA. DOC #432458** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **THE STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrance T. Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 7, 2010.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana where he is serving a hard labor sentence following the revocation of his probation by Louisiana's Fourth Judicial District Court, Ouachita Parish. He complains that his July 4, 2009, arrest was unlawful and that his subsequent incarceration amounted to false imprisonment. He sued the State of Louisiana, its Attorney General, Buddy Caldwell, its Governor, Bobby Jindal, and the Ouachita Parish Sheriff's Office praying for compensatory damages of $25,000/day for false imprisonment, $10,000,000 for punitive damages and $10,000,000 "in damages for mental, psychological long-term repercussion due to the malice nature and cruelty by which such act were afflicted."  This matter has been referred to the undersigned for review, report, and recommendation. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Background*

Plaintiff and Terry Wayne Jones, another LDOC inmate incarcerated at RBDC jointly filed a civil rights complaint on October 7, 2010.  Plaintiff complained that he was unlawfully arrested

on July 4, 2009,  and thereafter falsely imprisoned by agents of the Ouachita Parish Sheriff's Office. Jones complained that he was falsely arrested on September 28, 2009, and thereafter falsely imprisoned by the "Parish of Caddo" and the Shreveport City Police Department. Since the joinder of these plaintiffs and  their unrelated claims was improper (see LR 3.2W[1]), a separate civil action was opened for Jones's complaint in the Shreveport Division of this Court and it has been assigned Civil Action No. 5:10-cv-1619.

Plaintiff Brown asserts the following facts in support of his claims:

On July 4, 2009, the Ouachita Parish Sheriff's Office of the State of Louisiana, arrested petitioner... from his residence for attempt[ed] - agg[ravated] burglary, conspiracy to commit burglary and possession of a firearm by a convicted felon. On January 5, 2010, petitioner was brought before Honorable Judge Wilson Rambo for a probable cause hearing. However, the Honorable Judge Rambo found no probable cause on the charge of possession of a firearm by a convicted felon, which the matter was reset later. Moreover, on January 17, 2010, petitioner was recharged with a lesser offense of the same weapon that the Judge found no probable cause on ("illegal possession of a stolen firearm.") After being incarcerated for six months the Honorable Judge Rambo found no probable cause for that offense charged.

Therefore, on April 27, 2010, petitioner was brought to a illegal revocation hearing on his probation. The offenses of attempted aggravated burglary and conspiracy to commit burglary had been dismissed by the State ... for lack of evidence. Petitioner['s] probation was revoked based on being charged with the above - mention[ed] felony offenses. The Honorable Judge Rambo reasons to revoke petitioner['s] probation was the fact of his arrest on the criminal charges. [Doc. #1-2, p. 2]

Plaintiff also argues that "... the State of Louisiana government official Ouachita Parish Sheriff's Dept. has made an[ ] illegal arrest from a citizen['s] residence without probable cause and no arrest warrant. This malicious act of the State of Louisiana furthered when criminal prosecution

---

[1] Local Rule 3.2W provides in part, "Each pro se prisoner shall file a separate complaint ... except where multiple prisoners are asserting the same claim arising out of the same facts." While plaintiff and Jones are asserting similar claims – false arrest and imprisonment – their claims arise on different dates and different places, involve other defendants, and clearly do not arise out of the same facts.

was sought by the Fourth Judicial District Court without proof that the accused committed the offenses but yet prosecuted on probation revocat[ion] the accused which [led] to [an] illegal confinement and conviction and petitioner is now being held by the Department of Corrections for the State of Louisiana." [*Id.*, p. 3]

### *Law and Analysis*

### *1. Plaintiff's Prior Civil Rights Claim*

On December 22, 2009, plaintiff filed a civil rights complaint again claiming that his July 4, 2009 arrest and his subsequent imprisonment and prosecution were unlawful.[2] In the original complaint he sued Dy. Matt Hill (the arresting officer), Ellen Eade (the Assistant District Attorney who prosecuted his case), and George Britton (the Public Defender appointed to represent him); in a subsequent pleading he joined Ouachita Parish Sheriff Royce Toney, and Dys. Harkins, Hindmon, Knight, and Ludlow. *Terrance T. Brown v. Matt Hill, et al.* No. 3:09-cv-2170 (*Brown I*) That civil action was stayed pending the resolution of the pending charges [*Brown I*, Docs. #10-11]. Thereafter, on June 4, 2010, the stay was lifted and the defendants were ordered to respond to plaintiff's complaint. [*Id.*, Doc. #20] On September 15, 2010, the claims against Assistant District Attorney Eades were dismissed with prejudice based on her claim of absolute prosecutorial immunity and plaintiff's failure to state a claim for which relief could be granted. [*Id.*, Doc. #52]

On November 24, 2010, the undersigned, having considered the remaining defendants'

---

[2] On December 14, 2009, while awaiting resolution of the then pending charges, plaintiff also filed a petition for writ of *habeas corpus* seeking either dismissal of the charges or enforcement of his right to a speedy trial. *Terrance T. Brown v. Warden, Ouachita Correctional Center*, No. 3:09-cv-2147. On February 16, 2010, the undersigned recommended dismissal of the petition without prejudice because Brown failed to exhaust available state court remedies prior to filing his *habeas corpus* petition. [No. 3:09-cv-2147, Doc. #8] Plaintiff timely objected and argued that he was exempt from the exhaustion requirement because exhaustion was futile; in the alternative he argued that he had in fact exhausted state remedies. The undersigned again recommended dismissal based on plaintiff's failure to properly exhaust available state court remedies. [*Id.*, Doc. #11] Despite plaintiff's objections [*Id.*, Docs. #9, 10, and 16], Judge James ordered the petition dismissed without prejudice for failing to exhaust available state court remedies. [*Id.*, Docs. # 17-18] Plaintiff did not appeal the final judgment.

motions for summary judgment,  recommended dismissal of all remaining claims against the remaining  defendants.

### 2. Duplicative Action

Plaintiff has been permitted to litigate this action *in forma pauperis*. Title 28 U.S.C. §1915(a) enables an indigent prisoner to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *See Green*, 788 F.2d at 1119.

If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

Thus, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").  Put another way, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that

4

the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

The instant complaint is duplicative of *Terrance T. Brown v. Matt Hill, et al.* No. 3:09-cv-2170 (*Brown I*) a matter presently pending before the court. In both suits, plaintiff complains of wrongful arrest, malicious prosecution, and false imprisonment arising from his July 4, 2009, arrest. The fact that plaintiff named different defendants is of no moment since a suit that alleges the same facts and circumstances and merely substitutes different defendants may be considered duplicative and  dismissed as  frivolous under 28 U.S.C. § 1915(d). *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988).

### 3. Additional Grounds for Dismissal

Even if the complaint was not duplicative of plaintiff's previous civil rights action, his suit should still be dismissed with prejudice.

Plaintiff has sued the State of Louisiana; however, states are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989); *Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n. 2 (5th Cir.1994); Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir.1992).  In addition, plaintiff's civil rights claims against the State of Louisiana are also barred by the Eleventh Amendment's grant of sovereign immunity in favor of the states.  The United States Supreme Court has held: "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).  Louisiana has not waived its Eleventh Amendment sovereign immunity regarding suits in federal court (see La. R.S 13:5106(A)); therefore, plaintiff's claims against Louisiana must be dismissed with prejudice since

this defendant is immune from suit.

Plaintiff has sued Attorney General Caldwell and Governor Jindal; however, he has alleged no fault or personal involvement on the part of these defendants. To the extent that he sues these defendants in their personal capacity, he has failed to state a claim for which relief may be granted. Compare *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir.1990). To the extent that he sues Caldwell and Jindal in their official capacities, his suit fares no better since a suit against the Governor and Attorney General in their official capacity amounts to a suit against Louisiana and, as shown above, such suits are prohibited by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

Finally, plaintiff has named the Ouachita Parish Sheriff's Office. As noted above, Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Ouachita Parish Sheriff's Office is an entity capable of being sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code art. 24. Louisiana grants no such legal status to a given parish's sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3d Cir.1977). In other words, the Ouachita Parish Sheriff's Office is not a legal entity capable of suing or being sued. *Regur v. Lichfield*, 700 F.Supp. 863, 965

(M.D.La.1988). Plaintiff's claim against the Sheriff's Office must be dismissed as frivolous.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as malicious, frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief against defendants who are immune from suit, all in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, December 1, 2010.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE